UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CARY BRYAN FELIX,

      Plaintiff,

      v.

A&D MORTGAGE, LLC, et al.,

      Defendants.

No. 2:26-cv-00455-TLN-JDP

**ORDER**

Plaintiff Cary Bryan Felix ("Plaintiff") brings this action against Defendants A&D Mortgage, LLC ("A&D Mortgage"), Affinia Default Services, LLC ("Affinia"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Servicelink (collectively, "Defendants") alleging wrongful foreclosure, violations of California's Homeowner Bill of Rights, and violations of other state and federal laws. (*See* ECF No. 1.) Presently before the Court is Plaintiff's *Ex Parte* Application for Temporary Restraining Order ("TRO"). (ECF No. 1-1.) For the reasons set forth below, the application is DENIED.

///

///

///

///

///

1

## I.    FACTUAL AND PROCEDURAL BACKGROUND[1]

The instant action arises from Defendants' allegedly unlawful nonjudicial foreclosure of Plaintiff's property. (*See* ECF No. 1.) Plaintiff is the owner of real property located at 614 Gardner Street, South Lake Tahoe, California 96150 (the "Subject Property"). (*Id.* at 11.) The foreclosure sale is scheduled for February 18, 2026. (*Id.* at 12.)

As an initial matter, Plaintiff proceeds in this action without counsel. Accordingly, Plaintiff's Complaint and application are somewhat incoherent and it is difficult for the Court to ascertain what factual allegations underlie Plaintiff's claims. Plaintiff sets forth the following allegations in his Complaint.

The Subject Property is secured by a Deed of Trust recorded in El Dorado County, California. (*Id.* at 11.) The Note allegedly associated with the Deed of Trust has not been produced by any Defendant in its original form. (*Id.*) Defendants have not produced any competent evidence showing they are the holder of the Note, any allonge[2] demonstrating endorsements transferring the Note to any Defendant, or a complete or lawful chain of title demonstrating who owns the Note. (*Id.*)

The Notice of Default, issued by Affinia, was recorded on or about June 25, 2025. (*Id.* at 11–12.) No recorded Substitution of Trustee naming Affinia as trustee existed prior to the Notice of Default. (*Id.* at 12.) Defendants have not produced any lawful Substitution of Trustee executed prior to the Notice of Default. (*Id.*) Defendants did not review competent and reliable evidence before recording the Notice of Default. (*Id.*)

The Declaration of Compliance states statutory outreach attempts were made when they were not, as Plaintiff did not receive the contact attempts. (*Id.*) The Declaration of Compliance was executed by a person without personal knowledge of Plaintiff's loan file. (*Id.*)

///

---

[1]    The instant factual background is taken largely verbatim from Plaintiff's Complaint. (ECF No. 1.)

[2]    According to Merriam-Webster, an allonge is "a paper attached to an instrument to provide space for additional endorsements." *See* https://www.merriam-webster.com/dictionary/allonge.

Plaintiff did not receive proper mailed notice of the foreclosure sale, nor did Defendants provide proof of posting the Notice of Trustee's sale on Plaintiff's property or proof of publication of the Notice of Trustee's sale.  (*Id.* at 13.)  Defendants have not produced any evidence that Plaintiff's loan is part of any identified trust, any pooling or servicing agreement identifying Plaintiff's loan, or any document signed by a trust custodian confirming Plaintiff's loan was ever transferred.  (*Id.*)

Plaintiff's mortgage assignments do not identify the Note as being transferred and only reference the Deed of Trust.  (*Id.*)  MERS is not the holder of the Note, has never held the Note, and cannot transfer an interest it does not possess.  (*Id.*)  A&D Mortgage claims to be the beneficiary but has produced no evidence of ownership of the Note, no endorsement to itself from any prior entity, and no power of attorney authorizing foreclosure on behalf of any Note owner.  (*Id.*)  Affinia relies solely on A&D Mortgage's unverified statements to initiate foreclosure.  (*Id.* at 14.)

On February 17, 2026, Plaintiff filed the instant action in this Court.  (*See* ECF No. 1.)  Plaintiff filed the present *ex parte* application for TRO on the same day to enjoin the foreclosure sale.  (ECF No. 1-1.)  Defendants have not filed a response.

**II.      STANDARD OF LAW**

A TRO is an extraordinary remedy.  The purpose of a TRO is to preserve the status quo pending a fuller hearing.  *See* Fed. R. Civ. P. 65.  For a TRO, courts consider whether a petitioner has established "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Petitioner must "make a showing on all four prongs" of the *Winter* test.  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  In evaluating a petitioner's motion, a district court may weigh petitioner's showings on the *Winter* elements using a sliding-scale approach.  *Id.*  A stronger showing on the balance of the hardships may support issuing a TRO even where the petitioner shows that there are "serious questions on the merits . . . so long as the [petitioner] also shows that there is a likelihood of irreparable injury and

3

that the injunction is in the public interest." *Id.* Simply put, a petitioner must demonstrate, "that [if] serious questions going to the merits were raised [then] the balance of hardships [must] tip[ ] sharply" in petitioner's favor in order to succeed in a request for a TRO. *Id.* at 1134–35.

### III.   ANALYSIS

Plaintiff filed the instant application for a TRO to enjoin the foreclosure sale of the Subject Property *one business day* before the alleged scheduled sale on February 18, 2026. (ECF Nos. 1, 1-1.)

Eastern District of California Local Rule 231(b) provides that "the Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order." Should the Court find such a delay, the Court may deny the requested TRO on that basis alone. L.R. 231(b).

Here, Plaintiff fails to sufficiently explain why he did not seek injunctive relief earlier. Plaintiff alleges he "did not receive proper mailed notice of the foreclosure sale." (ECF No. 1 at 13.) Plaintiff fails to allege how or when he became aware of the pending foreclosure sale. The logical inference from Plaintiff's allegations, however, is that he received notice of *some kind* of the upcoming foreclosure sale. Plaintiff further alleges the Notice of Default was recorded on or about June 25, 2025. (*Id.* at 12.) Yet Plaintiff did not seek a TRO to enjoin the foreclosure sale until February 17, 2026, a day before the foreclosure sale is scheduled to take place. Plaintiff arguably had constructive notice of the foreclosure proceeding months ago. *See Deck v. Wells Fargo Bank, N.A.*, No. 17-cv-00234-MCE-KJN PS, 2017 WL 499224, at *2 (E.D. Cal. Feb. 6, 2017) (finding a plaintiff unduly delayed filing a TRO when a Notice of Default was recorded nine months earlier).

For these reasons, the Court exercises its discretion under Local Rule 231(b) to deny Plaintiff's application for last-minute relief as Plaintiff's delay contradicts his allegations of irreparable injury. *See Mammoth Specialty Lodging, LLC v. We-Ka-Jassa Inv. Fund, LLC*, No. CIV-S10-0864-LKK-JFM, 2010 WL 1539811, at *2 (E.D. Cal. Apr. 16, 2010) (denying a TRO application solely based on Local Rule 231(b) because "plaintiff did not file the motion until four

business days before the scheduled foreclosure sale"); *Avila v. Citi Mortg. Inc.*, No. 1:17-cv-1581-LJO-BAM, 2017 WL 5871473, at *1 (E.D. Cal. Nov. 29, 2017) (finding it appropriate to deny plaintiff's TRO request under Local Rule 231(b) because plaintiff failed to "explain why he waited until the last possible moment to attempt to block the sale").

**IV.    CONCLUSION**

For the reasons set forth above, the Court DENIES Plaintiff's *Ex Parte* Application for Temporary Restraining Order.  (ECF No. 1-1.)

IT IS SO ORDERED.

Date: February 19, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE